IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Timothy O. Head, | ) | |
| | ) | C/A No. 9:20-cv-4270-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| S.C. Department of Corrections, Warden Stephan, | ) | |
| Nextgen Medical Co., Tracy Fowler, | ) | |
| Jane Doe Nurse, Lt. Renee Wright, Ms. Jackson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Timothy O. Head is a prisoner in custody of the South Carolina Department of Corrections ("SCDC") who currently is housed at the Broad River Correctional Institute in Columbia, South Carolina. Plaintiff brings this action pro se pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil rights caused by inadequate medical care resulting in, among other things, two heart attacks. ECF No. 14. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pretrial handling.

Following Defendants SCDC, Michael Stephan, Renee Wright, and Shadaya Jackson's submission of an answer to the amended complaint,[1] Plaintiff filed several motions seeking emergency injunctive relief. *See* ECF Nos. 49, 56, 58, 60. In an order dated August 23, 2021, the court denied Plaintiff's initial motion for emergency injunctive relief and recommitted the matter to the Magistrate Judge for further proceedings, to include rendering findings and a

---

[1] The record reflects that Defendants Nextgen Medical Co., Tracy Fowler, and Jane Doe Nurse have not been served with either the original complaint or the amended complaint.

recommendation on Plaintiff's subsequent motions.  ECF No. 68.  On October 18, 2021, the

Magistrate Judge issued a Report and Recommendation recommending that the court deny

Plaintiff's motions for preliminary injunction.  ECF No. 78.

 The Magistrate Judge refers to the motions before her as "First Motion," ECF No. 56,

"Second Motion," ECF No. 58, and "Third Motion," ECF No. 60, and the court will do the same.

As the Magistrate Judge sets forth, the First Motion asserts essentially the same claims of ill

health and allegations of inadequate medical care as in the motion the court previously denied.

*Compare* ECF No. 49 *with* ECF No. 56.  In the Second Motion, Plaintiff asserts that on June 30,

2021, he was transported to the hospital, where medical staff drained him of approximately 29

liters of fluid and measured his heart function at 23 percent.  ECF No. 58.  In the Third Motion,

Plaintiff asserts he is in imminent danger of serious injury and possibly death because

Defendants continue to withhold prescription eyeglasses, orthopedic shoes, treatment for his

umbilical hernia, and a breathing pump that would mitigate the effects of his sleep apnea.  ECF

No. 60.  For relief, Plaintiff asks the court to grant a preliminary injunction ordering his release

from SCDC custody or alternatively ordering him admitted to a hospital or transferred to a

different custodial unit.  Plaintiff also asks to receive prescription eyeglasses.  Defendants filed a

short response to the First and Second Motions.  ECF Nos. 57, 65.  In response to the Third

Motion, Defendants submitted "updated medical records from June 30, 2021 through August 11,

2021," attached to the affidavit signed by records custodian Sherrell Orange.  ECF Nos. 67, 67-1.

 The Magistrate Judge found and concluded as follows:

> It is undisputed Plaintiff suffers from a number of chronic care issues, including
> coronary artery disease for which he has had stents placed. However, Plaintiff has
> not shown that he is being denied critical medical care for any of these conditions.
> Plaintiff's Third Motion for injunctive relief was filed on August 2, 2021. The
> medical records for Plaintiff, through August 11, 2021, show that he is receiving
> treatment for his chronic conditions and is stable. Indeed, the only evidence

2

> before the Court demonstrates that he is receiving appropriate medical care, including assessment and treatment of these conditions and consults with cardiology specialists. Plaintiff has not presented any evidence nor legal arguments to justify the extraordinary relief of a preliminary injunction. He has not made a "clear showing" that he is likely to succeed on the merits of his claim or with regard to the other prongs of the *Winter* test.

ECF No. 78 at 6 (citing *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The Magistrate Judge further observed that the court is without authority in a § 1983 action to order Plaintiff's release from SCDC custody and that Plaintiff has "no constitutional right to be housed in a particular correctional institution, in a particular unit of an institution, or at a particular custody level." *Id.* at 7 (citing in part *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Al-Haqq v. Scarborough*, 2:17-cv-534-TMC-MGB, 2017 WL 6033049 (D.S.C. Nov. 16, 2017)).

Accordingly, the Magistrate Judge recommends denying Plaintiff's requests for preliminary injunctive relief without prejudice. *Id.* at 7-8. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Plaintiff of his right to file an objection to the Report and Recommendation. ECF No. 78 at 11. Plaintiff has not filed an objection and the deadline for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Notwithstanding Plaintiff's election not to object, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The Report and Recommendation, ECF No. 78, is incorporated herein by reference. The motions for injunctive relief, ECF Nos. 56, 58, 60, are denied without prejudice. The matter is recommitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

December 17, 2021
Charleston, South Carolina