IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Timothy O. Head, ) | |
| ) | C/A No. 9:20-cv-4270-MBS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| S.C. Department of Corrections, Warden Stephan, ) | |
| Nextgen Medical Co., Tracy Fowler, ) | |
| Jane Doe Nurse, Lt. Renee Wright, Ms. Jackson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Timothy O. Head is a prisoner in custody of the South Carolina Department of Corrections ("SCDC") who currently is housed at the Broad River Correctional Institute ("BRCI") in Columbia, South Carolina. Plaintiff brings this action pro se pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil rights caused by inadequate medical care resulting in, among other things, two heart attacks. The matter is before the court on Defendants SCDC, Michael Stephan, Renee Wright, and Shadaya Jackson's (collectively, "SCDC Defendants") motion for summary judgment. Also before the court is Plaintiff's motion to appoint counsel.

## BACKGROUND

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was initially referred to United States Magistrate Judge Molly H. Cherry for pretrial handling. Soon after Plaintiff initiated this action, the Magistrate Judge issued an order identifying certain pleading deficiencies and directing Plaintiff to file an amended complaint. ECF No. 9. The order also provided Plaintiff with detailed instructions for how to complete a summons form for each named Defendant and further advised Plaintiff that he would need to submit identifying

information for Defendant Jane Doe Nurse to assist the U.S. Marshal in serving her with the amended complaint and summons. *Id.* Pursuant to this order, Plaintiff filed an amended complaint that names the SCDC Defendants as well as Nextgen Medical Co., Tracy Fowler, and Jane Doe Nurse (collectively, "Nextgen Defendants"). ECF No. 14.

In the amended complaint, Plaintiff alleges that the SCDC Defendants refused to assign him to a cell on the ground floor, in contravention of a doctor's order that he avoid stairs. Plaintiff alleges that the Nextgen Defendants provided inadequate medical care that contributed to or exacerbated his heart attacks. He also appears to allege that Defendant Fowler is responsible for withholding or failing to provide a set of prescription eye glasses and a replacement machine for sleep apnea, and has refused his requests for a colonoscopy and for treatment for an umbilical hernia. ECF No. 14 at 14, 15, 16, 20. Plaintiff also generally alleges that consistent lockdowns within the prison facility due to staff shortages and Covid-19 have prevented him from engaging in outdoor recreation, resulting in harm to his health. *Id.* at 21-22. Plaintiff names Defendants Stephan, Wright, Jackson, and Fowler in their official and individual capacities and he seeks monetary damages and asks that he be released from SCDC custody.

Following submission of the amended complaint, the court authorized service of process for all Defendants other than Jane Doe Nurse. ECF Nos. 23, 26. The order authorizing service specifically directed the Clerk of Court not to issue a summons for Jane Doe Nurse because Plaintiff had failed to adequately identify the unknown Defendant; the order also advised Plaintiff that "[a]n unserved Defendant may be dismissed as a party to this case if not served within the time limit governed by Rule 4(m) and this Order." ECF No. 23 at 3, 4. On March 24, 2021, summons for Defendants Nextgen Medical Co. and Tracy Fowler were returned unexecuted, ECF No. 31, which prompted the Magistrate Judge to issue an order directing

Plaintiff to provide additional identification or location information for those Defendants and advising Plaintiff that the court may dismiss those Defendants pursuant to Federal Rule of Civil Procedure 4(m) if they are not served with process, ECF No. 33.  Plaintiff subsequently sought leave to file a second amended complaint and for additional time to provide identifying information for the Nextgen Defendants, ECF No. 38, which request the Magistrate Judge granted, ECF No. 39.  Meanwhile, the SCDC Defendants filed an answer to the amended complaint and the Magistrate Judge entered a scheduling order.  The record reflects that Plaintiff never filed a second amended complaint or submitted identifying information for the Nextgen Defendants and further reflects that the Nextgen Defendants have not been served with either the original complaint or the amended complaint and have not appeared in this action.

On November 19, 2021, the SCDC Defendants filed the pending motion for summary judgment. The court issued an order directing Plaintiff to file a response within 31 days and advising Plaintiff of the summary judgment procedure and the possible consequences the court would impose should he fail to respond adequately to the motion.  ECF No. 85.  In short, the court warned Plaintiff that failure to respond to the motion for summary judgment could result in the dismissal of this case.  *Id.*

To date, Plaintiff has filed no response to the motion for summary judgment.  On February 2, 2022, the Magistrate Judge issued a Report and Recommendation recommending that the court dismiss the Nextgen Defendants under Rule 4(m) for failure to effect service and dismiss the case under Rule 41 as to the SCDC Defendants for failure to prosecute.[1]   ECF No. 89.  Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the

---

[1] The court adopts the Magistrate Judge's thorough summary of the applicable legal standards herein without recitation.

Magistrate Judge advised the parties of their right to file an objection to the Report and Recommendation. ECF No. 89 at 7. The Magistrate Judge also stated at the conclusion of her recommendation:

> [i]f the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wants to continue with this case and provides a response to the Motion for Summary Judgment, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling. Plaintiff is herein specifically advised and placed on notice that failure to respond to this Report and Recommendation may result in this action being dismissed.

*Id.* at 5. No party filed an objection. However, Plaintiff belatedly filed a motion stating that he contracted Covid-19 at the beginning of February 2022. ECF No. 91. He asserts that he is currently "very ill" with both the virus and pain caused by herniated discs and an ankle infection. He states he is "unable to do the legal work and cannot proceed without legal counsel," and again asks the court to appoint him counsel.[2] *Id.* The SCDC Defendants filed a response opposing Plaintiff's request for appointment of counsel and asking the court to proceed with the adjudication of their motion for summary judgment without further delay. ECF No. 92.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77

---

[2] Plaintiff has asked for counsel three times previously and the Magistrate Judge has denied each request. *See* ECF No. 9, 46, 78.

4

(4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

With respect to the Nextgen Defendants, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The Report and Recommendation, ECF No. 89, is incorporated herein by reference as it pertains to the Nextgen Defendants and those Defendants are dismissed without prejudice pursuant to Rule 4(m). With respect to the SCDC Defendants, the court accepts Plaintiff's out of time motion to appoint counsel as evidence of his desire to pursue the claims in this action and therefore finds as moot the Magistrate Judge's recommendation that the court dismiss the SCDC Defendants pursuant to Rule 41.

The court turns next to the motion for summary judgment and Plaintiff's motion to appoint counsel.

## ANALYSIS

The SCDC Defendants assert the following as grounds for entry of judgment in their favor: SCDC is not a "person" for purposes of attaching liability under § 1983; SCDC is immune from suit under the Eleventh Amendment; Defendants Stephan, Wright, and Jackson, sued in their official capacity, are not "persons" subject to § 1983 liability and in that capacity are likewise immune from suit under the Eleventh Amendment; record evidence establishes that Defendants Wright and Jackson did not act with deliberate indifference; Defendant Stephan cannot be held vicariously liable for the acts or omissions of Nextgen Defendants or other SCDC employees; Plaintiff failed to exhaust the available administrative remedies concerning his claim regarding facility lockdowns; and Defendants Stephan, Wright, and Jackson, sued in their individual capacity, are entitled to qualified immunity. ECF No. 84-1.

I.     **Legal Standards**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants as the moving parties initially have the burden to demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). If they do so, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. *Newport News Holding Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). The nonmoving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp.*, 477 U.S. at 324; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

Plaintiff is appearing pro se, and thus is entitled to a liberal construction of his complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). *Accord Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (instructing courts to hold the pleadings and other papers of *pro se* litigants to "less

stringent standards than formal pleadings drafted by lawyers."). However, a district court may not rewrite a complaint to "conjure up questions never squarely presented," *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985), nor may the court ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 397 (4th Cir. 1990).

Plaintiff asserts violations of his Eighth Amendment rights concerning conditions of confinement and deliberate indifference to his wellbeing pursuant to 42 U.S.C. § 1983, which allows an injured person to seek damages for the violation of his or her federal rights against a person acting under color of state law. *See* 42 U.S.C. § 1983; *see also West v. Atkins,* 487 U.S. 42, 48 (1988). Section 1983 "is not itself a source of substantive rights"; it merely provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266, 271 (1994). To assert a claim under § 1983, Plaintiff must show (1) that he had a right secured by the Constitution and laws of the United States that was violated (2) by a person who acted under color of state law. 42 U.S.C. § 1983. *See American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999). Liability in a § 1983 suit lies only "where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009) (holding that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*") (citation omitted).

In their motion for summary judgment, Defendants assert entitlement to qualified immunity. The doctrine of qualified immunity protects government officials "from liability for

civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Once a defendant asserts qualified immunity, the court must determine whether the plaintiff has alleged or shown the violation of a constitutional right, and whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz,* 533 U.S. 194 (2001). The district court acts in its discretion in determining which of the two prongs of the qualified immunity analysis to address first. *Pearson v. Callahan,* 555 U.S. 223, 236 (2009). *Accord Halcomb v. Ravenell*, 992 F.3d 316, 319 (4th Cir. 2021) ("The court may address these two questions in the order that will best facilitate the fair and efficient disposition of each case").

**II.    Arguments**

    A.  <u>SCDC and Individual Defendants Sued in their Official Capacity</u>

As the SCDC Defendants correctly argue, § 1983 liability may lie against individuals only. SCDC is an agency of the state and therefore does not qualify as an individual for the purpose of § 1983 liability. *Abebe v. South Carolina Dept. of Corrections*, No. 0:09–3111–MBS–PJG, 2010 WL 2991595, at *2 (D.S.C. Jul. 2, 2010), *adopted in part*, 2010 WL 3258595 (D.S.C. Aug. 16, 2010). *Accord Simpson v. South Carolina Dept. of Corrections*, No. 2:19-cv-2245-RMG, 2020 WL 582321, at *2 (D.S.C. Feb. 6, 2020). Moreover, as the SCDC Defendants also argue, the Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See*, *e.g.*, *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). A state agency such as SCDC is entitled to Eleventh Amendment immunity from monetary damages. *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (explaining that Eleventh Amendment immunity "extends to 'arm[s]

of the State,' including state agencies and state officers acting in their official capacity") (alteration in original) (internal citations omitted).

The outcome is no different for the individual SCDC Defendants whom Plaintiff names in their official capacity. Plaintiff specifies in his amended complaint that he sues Defendants Stephan, Wright, and Jackson in both their official and individual capacities. These Defendants when sued in their official capacity are not "persons" amenable to suit under § 1983. And, as with SCDC, they are entitled to Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself") (internal citation omitted). Accordingly, the court will enter judgment in favor of SCDC and in favor of Defendants Stephan, Wright, and Jackson sued in their official capacity.

    B.  <u>Allegations Raised Against Nextgen Defendants and Allegations Raised Generally</u>

The SCDC Defendants also note in their motion that many of Plaintiff's allegations of deliberate indifference to his medical care are directed at the Nextgen Defendants, who are now dismissed from this lawsuit. Indeed, review of the amended complaint reflects that Plaintiff alleges Jane Doe Nurse is responsible for failing to provide adequate treatment with respect to his cardiovascular condition. *See, e.g.,* ECF No. 14 at 8-10. Plaintiff also alleges that Defendant Fowler is responsible for withholding, or failing to provide him with, prescription eyewear, *id.* at 14, 20, failing to schedule a colonoscopy, failing to address Plaintiff's complaints regarding an untreated umbilical hernia, *id.* at 15-16, failing to timely provide Plaintiff with a prescription refill of Percocet for a herniated disc, failing to order labwork to assess Plaintiff's concerns regarding a Vitamin D deficiency, *id.* at 17, and failing to schedule Plaintiff for participation in a

9

sleep study, a necessary prerequisite to Plaintiff procuring a sleep apnea machine, *id.* at 19, 20. Plaintiff levels no such allegations against Defendants Stephan, Wright, and Jackson. Therefore, the court finds Plaintiff has raised no viable claim for deliberate indifference against these Defendants based on allegations of inadequate care related to these medical conditions and requests.

Plaintiff also complains generally that SCDC has restricted his and other inmates' movements to the detriment of their health. He asserts that since the Lee County Prison riot in April of 2018, his facility has kept inmates locked in their cells approximately 75 percent of the time. ECF No. 14 at 21. He asserts that since August of 2020, the prison has permitted inmates to leave their cells only three times a week for 20 minutes at a time. *Id.* According to Plaintiff, "authorities say this is because of lack of staff & the Covid-19 pandemic." *Id.* Plaintiff contends his health has suffered due to the lack of both exercise and exposure to natural light. *Id.* at 22. However, Plaintiff does not raise specific allegations of wrongdoing against any particular SCDC Defendant and the court will not infer allegations that Plaintiff has not articulated.

C.  <u>Defendants Jackson and Wright Sued in their Individual Capacity</u>

Plaintiff appears to allege that Defendant Jackson violated his constitutional rights by moving him to a cell on the second floor notwithstanding a doctor's order that he be housed on the ground floor. ECF No. 14 at 10. Plaintiff asserts he fell on three different occasions while climbing the stairs and was rendered unconscious after one fall. *Id.* Plaintiff also alleges that when informed of the doctor's order that instructed Plaintiff to avoid climbing stairs, Defendant Wright lifted Plaintiff by the armpits, carried him up the flight of stairs, and "dropped" him in his cell on the second floor. *Id.* Plaintiff represents that prison staff reclassified him in subsequent days to be housed in a cell on the ground floor. *Id.*

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and it is [] settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981); *Helling v. McKinney,* 509 U.S. 25 (1993)). Additionally, prisoners have the right under the Eighth Amendment to receive adequate medical care while incarcerated. *See Scinto v. Stansberry*, 841 F.3d 219, 236 (4th Cir. 2016). Altogether, the Eighth Amendment's prohibition of cruel and unusual punishments imposes duties on prison officials to "provide humane conditions of confinement," "ensure that inmates receive adequate food, clothing, shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832 (citations omitted).

Liability for a violation of the Eighth Amendment is established only upon a showing that two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious." *Farmer*, 511 U.S. at 834 (explaining that "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities'") (citation omitted). Second, the prison official must have a "sufficiently culpable state of mind," which requirement "follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id.* The necessary state of mind is one of deliberate indifference to an inmate's health or safety. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (instructing that deliberate indifference describes a state of mind more blameworthy than negligence)).

Where the claim is based on a failure to attend to medical needs, the inmate "must show that he had a serious medical need, and that officials knowingly disregarded that need and the substantial risk it posed." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citations

omitted). A "serious medical need" is a condition "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017)). A prison official acts with deliberate indifference "if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* (quoting *Scinto*, 841 F.3d at 225-26).

Regardless of whether the court construes this claim as one pertaining to Plaintiff's conditions of confinement or as one alleging the failure to address his medical needs, Plaintiff fails to establish a constitutional violation. Construing the allegations in a light favorable to Plaintiff, the court will accept the alleged doctor's note as supporting the existence of an objectively serious medical condition that precludes Plaintiff from climbing stairs. However, Plaintiff has alleged no facts to support a finding that Defendant Jackson or Defendant Wright acted with reckless disregard to his safety or wellbeing. *See Farmer*, 511 U.S. at 835 (holding that liability under the Eighth Amendment requires a showing that the prison official was both aware of "facts from which the inference could be drawn that a substantial risk of serious harm exists," and a showing that the official drew the inference).

Moreover, Defendants Jackson and Wright submitted affidavits in support of their motion for summary judgment attesting that they did not interfere with Plaintiff's request to be assigned to a cell on the ground floor. Defendant Jackson was the Classification Case Manager at BRCI during the time in question. ECF No. 84-4 at ¶¶ 2-3. She attests that she did not disregard "any doctor's orders regarding cell restrictions for Inmate Head." *Id.* at ¶ 3. She further attests that she "did not prevent Inmate Head from receiving a ground floor cell restriction." *Id.* at ¶ 4. She explains that "[b]ased upon SCDC policy, any type of cell restrictions must be approved by

Medical Services," and "[c]ell assignments, which are made by the Classification Case Manager, are governed by Section 48.3 of SCDC Policy No. OP-21.04," which provides:

> Health related criteria as indicated by Medical Services, on the MEDCLASS, will be used to record any current medical conditions which make it difficult for the inmate to climb stairs, to climb into an upper bunk, or to be housed on the upper tier. The current mental health status as well as intellectual disabilities, as determined by Medical Services, must be considered in making cell assignment. In making any housing assignment, the health related criteria determined by Medical Services must be followed.

ECF No. 84-4 at ¶ 4. Defendant Jackson attests that "[i]n December 2019, Inmate Head had not been placed on a ground floor restriction by Medical Services." *Id.* at ¶ 5. She attests that at that time, "the only cell restriction approved by Medical Services was for a bottom bunk restriction," and states that Plaintiff was assigned to a bottom bunk between December 2019 and February 2020. *Id. See* ECF No. 84-4 at 5. Dr. Halford Meyer saw Plaintiff for a visit on February 18, 2020, at which time Dr. Meyer ordered that Plaintiff be restricted to both a bottom bunk and a cell on the ground floor. ECF No. 84-4 at ¶ 6. Defendant Jackson attests that the new restriction was communicated to her and she immediately reclassified Plaintiff such that he was moved to a ground floor cell on February 19, 2020. *Id.* She attests that Plaintiff has remained housed in a ground floor cell and assigned to a bottom bunk since that time. *Id.* at ¶ 7.

Defendant Wright attests that she was a Lieutenant during the time in question and tasked only with "implementing the cell assignments made by Classification." ECF No. 84-5 at ¶¶ 3, 4. She attests that at no time did she disregard "any doctor's orders regarding cell restrictions for Inmate Head." *Id.* at ¶ 3.

Whether framed as a claim concerning conditions of confinement or as a claim for failure to address a serious medical need, Plaintiff has failed to demonstrate that either Defendant Wright or Defendant Jackson acted with the requisite culpable state of mind. Because the court

13

finds no evidence of a constitutional violation, the court declines to address whether these Defendants are entitled to qualified immunity. For the reasons stated above, the court will enter judgment in favor of Defendants Jackson and Wright as to this claim.

    D.  <u>Defendant Stephan Sued in his Individual Capacity</u>

Plaintiff does not raise specific allegations of wrongdoing with respect to Defendant Stephan and, as the SCDC Defendants assert, an individual cannot be held liable under § 1983 for the acts of another. *See, e.g., Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Rather, § 1983 liability attaches only in the event of an individual's personal actions, where those actions amount to a constitutional violation. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff references Defendant Stephan only once in the amended complaint. *See* ECF No. 14 at 22. The reference pertains to allegations that Plaintiff has received death threats from fellow inmates after he reported those inmates for falsely claiming that prison staff were serving soured milk. *Id.* However, Plaintiff has not alleged any personal participation by Defendant Stephan in violation of Plaintiff's constitutional rights. He alleges only:

> I am in imminent danger by other inmates here after receiving death threats. Nothing has been done to change. In view of this horrific treatment that constitutes activity done under the color of law and amounts to shortened lives. It's deliberate indifference and cruel and unusual punishment on the part of the Defendant Warden Stephan.

*Id.* This is insufficient for establishing § 1983 liability with respect to Defendant Stephan. Finding the claim fails on the merits, the court declines to address Defendant Stephan's assertion of qualified immunity.

    E.  <u>Failure to Exhaust Administrative Remedies</u>

As a final matter, the SCDC Defendants assert that Plaintiff failed to exhaust the available administrative remedies with respect to his Eighth Amendment conditions of

14

confinement claim regarding facility lockdowns implemented in response to the Covid-19 pandemic. ECF No. 84-1 at 9. As described above, Plaintiff seeks only monetary damages and Defendant Stephan named in his official capacity is not amenable to suit under § 1983 and is moreover entitled to immunity under the Eleventh Amendment. Additionally, also described above, Plaintiff failed to identify Defendant Stephan, Jackson, or Wright as personally responsible for allegations of wrongdoing with respect to the lockdowns. Nonetheless, for the sake of a thorough analysis, the court finds the undisputed record reflects that any conditions of confinement claim based on these allegations has not been exhausted as required under the Prison Litigation Reform Act.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e *et seq.*, bars prisoner suits regarding prison conditions if the prisoner has failed to exhaust the prison's administrative remedies. 42 U.S.C. § 1997e(a). *See Jones v. Bock*, 549 U.S. 199, 204 (2007). Exhaustion of administrative remedies is mandatory under the PLRA, *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and the inmate must exhaust all levels of administrative review, *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006).

The SCDC Defendants offer the affidavit of Felicia McKie, whose title is "Branch Chief of the Inmate Grievance Branch of the Office of General Counsel for the South Carolina Department of Corrections." ECF No. 84-2 at ¶ 1. Ms. McKie attests that SCDC "has an established inmate grievance procedure" that is set forth in "SCDC Policy GA-01.12, 'Inmate Grievance System.'" *Id.* at ¶ 3; ECF No. 84-2 at 6-23. The grievance procedure consists of a three-step process, ECF No. 84-2 at ¶¶ 4-10, and inmates are limited to filing five grievances per month, *id.* at ¶ 12. Ms. McKie attests that from August 1, 2018, when Plaintiff entered SCDC custody, through December 9, 2020, when this lawsuit was filed, Plaintiff submitted fifteen

15

grievances—nine of which he submitted in November 2020. *Id.* at ¶ 11. She attests that Plaintiff filed a grievance on November 8, 2020, "raising issued related to lockdowns," but with "no mention of the COVID-19 response." *Id.* at ¶ 12. She attests that the facility processed the grievance, classified as No. BRCI-0760-20, and returned it to Plaintiff on the basis that "he had exceeded his limit of grievances filed during the month of November 2020." *Id. See* ECF No. 84-2 at 22. Ms. McKie attests that Plaintiff "made no attempt to re-submit this grievance in December 2020," made no attempt to "submit any new grievance raising lockdown issues and conditions," and did not file an appeal of the facility's response to grievance No. BRCI-0760-20. ECF No. 84-2 at ¶¶ 13, 15. In sum, Ms. McKie attests, "Plaintiff has never received a final agency decision concerning the issues related to lockdowns," and "Plaintiff did not take advantage of all of the steps and/or remedies available to him through SCDC Inmate Grievance System." *Id.* at ¶ 16.

Based on this record, the court finds that Plaintiff failed to fully exhaust the available administrative remedies with respect to a conditions of confinement claim based on facility lockdowns.

## CONCLUSION

In light of the findings herein, the court will deny Plaintiff's motion for appointment of counsel. ECF No. 91.

The court adopts the Report and Recommendation, ECF No. 89, as described herein and ORDERS Defendants Nextgen Medical Co., Tracy Fowler, and Jane Doe Nurse dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). The court otherwise finds the Report and Recommendation moot.

Finally, the court grants the Motion for Summary Judgment, ECF No. 84. The Clerk of the Court is directed to enter judgment in favor of Defendants SCDC, Michael Stephan, Renee Wright, and Shadaya Jackson.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

March 23, 2022
Charleston, South Carolina